(No. 4298-

SARAH BELL KERSTEN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1950.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Sarah Bell Kersten, seeks to recover from respondent under the Workmen's Compensation Act for

injuries sustained to her right hand as a result of an accident that arose out of and in the course of her employment as a housekeeper at the Chicago State Hospital, operated by the Department of Public Welfare.

On February 4, 1950, claimant, in charge of a cleaning- detail, was brushed by one of the patients, who was carrying a ladder, lost her balance, and fell down three or four stairs, sustaining a Colles fracture of her right wrist.

No jurisdictional questions are involved, and respondent furnished all medical and hospital treatment required to cure or relieve claimant of the effects of her injuries.

The proof shows that claimant has a permanent but partial loss of the use of her right hand, and the only question involved herein is the extent of such partial loss.

Claimant's right wrist is somewhat atrophied. The silver-fork characteristic of a Colles fracture still remains, there having been an imperfect reduction of such fracture. All movements in the wrist joint are restricted. Extension is limited about one-third and flexion one-half. Eversion is one-half normal, and inversion one-quarter. Claimant cannot make a fist or oppose her thumb to the base of her little finger. Her grip is markedly lessened. Comminution of the fracture of the radius extends into the joint space. A fracture of the ulna has resulted in a deformity of the styloid process. The carpal bones evidence traumatic arthritis.

From the foregoing we conclude that claimant has sustained a 50 per cent loss of use of her right hand. *Smith* v. *State,* 16 C.C.R. 52.

Claimant on the date of her accident was 65 years of age, unmarried, with no children. In the year prior to

her accident her earnings amounted to $2,244.00. Her rate of compensation is, therefore, $22.50 per week.

Claimant was totally and temporarily disabled from February 4, 1950, up to and including March 12, 1950. She was entitled to compensation for such period of 5 1/7 weeks in the amount of $115.71, but she was paid $242.63, or an overpayment of $126.92.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Tearney. Charges in the amount of $43.98 were incurred, which are customary. An award is, therefore, entered in favor of William J. Cleary & Co. for $43.98.

An award is entered in favor of claimant, Sarah Bell Kersten, under Section 8 (e) (12) of the Workmen's Compensation Act, for a 50 per cent loss of use of her right hand, or 85 weeks at $22.50, or the sum of $1,912.50, from which must be deducted the overpayment of $126.92, leaving a net award of $1,785.58, payable as follows:

$ 906.43, less overpayment of $126.92, or the sum of $779.51, which has accrued and is payable forthwith;

$1,006.07, which is payable in weekly installments of $22.50 per week, commencing on November 21, 1950, for a period of 44 weeks, plus one final payment of $16.07.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chap. 127, Sec. 180.